UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| LUCIOUS R. STONE, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 4:09-cv-105 |
| ) | |
| LARRY ROSS, Warren County General ) | Judge Mattice |
| Sessions Judge, CITY OF ) | |
| MCMINNVILLE POLICE DEPARTMENT, ) | |
| CHRIS HUTCHINSON, and NICOLE ) | |
| MOSLEY, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

**I. Procedural Background**

The complaint in this case was filed on September 2, 2009 [Court Doc. 1] and was transferred to this Court from the Middle District of Tennessee on October 7, 2009 [Court Doc. 6]. In February 2010, because more than 120 days had passed since the complaint was filed, the Court ordered Plaintiff Lucious R. Stone to show cause why his complaint should not be dismissed pursuant to Rule 4(m). [Court Doc. 7.]

Plaintiff responded on March 4, 2010, stating that he did not know where to send correspondence because the case had been transferred, and requested the appointment of legal counsel. [Court Doc. 8.] Plaintiff had also previously sent a letter to the Middle District of Tennessee requesting the appointment of counsel, which was received by this Court on March 9, 2010. [Court Doc. 9.] Magistrate Judge William B. Mitchell Carter interpreted Plaintiff's response and the letter as Motions to Appoint Counsel and denied both in his Order of March 17, 2010. [Court Doc. 10.]

The Court did not dismiss Plaintiff's complaint because he showed good cause for his failure to serve defendants as of March 4, 2010. After Plaintiff was denied appointed counsel and became aware that the case had been transferred to the Eastern District of Tennessee, however, he still failed to serve any of the defendants with a copy of the complaint and a summons. The Court again ordered Plaintiff to show cause for this failure and imposed a deadline of May 21, 2010. [Court Doc. 11.] The Court has received no response from Plaintiff showing good cause, and there is no indication that Plaintiff has served any of the defendants with a copy of the complaint and a summons.

## II.     Analysis

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, pursuant to Rule 4(m), if a plaintiff has not timely served a defendant and shows good cause for such failure, the Court must extend the time for service. If, however, no good cause for such failure is shown, Rule 4(m) permits the Court to choose, in its discretion, either to dismiss the action without prejudice as to that defendant or to direct that service be effected within a specified time.

In this case, Plaintiff initially had good cause for his failure to serve the Defendants; however, once the reasons for this failure were resolved, Plaintiff was required to serve the Defendants or provide the Court with good cause for this continued failure. Plaintiff failed to respond to the Court's show cause order and, therefore, has not provided good cause

for the continued failure to timely serve Defendants  As a result, pursuant to Rule 4(m), the Court is within its power to dismiss without prejudice Plaintiff's action.

## III. Conclusion

Accordingly, for the reasons explained above, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).  The Clerk is directed to close the file in this case.

**SO ORDERED** this 28th day of May, 2010.

      */s/Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE